BRYAN CAVE LLP, #00145700
Robert W. Shely (No. 014261)
Gregory B. Iannelli (No. 026549)
Two N. Central Avenue, Suite 2200
Phoenix, AZ 85004-4406
Telephone: (602) 364-7000
Facsimile: (602) 364-7070
rwshely@bryancave.com
gregory.iannelli@bryancave.com

Attorneys for Defendants

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rozann G. Bergdale, | Case No. 3:12-CV-08057-PCT-SMM |
| Plaintiff, | **DEFENDANT BANK OF AMERICA, N.A.'S MOTION FOR SUMMARY JUDGMENT** |
| vs. | |
| Bank of America, National Association; BAC Home Loan Servicing, LP; Mortgage Electronic Registration Systems, Inc., ReconTrust and John Does, | (Hon. Stephen M. McNamee) |
| | (Oral Argument Requested) |
| Defendants. | |

Defendant Bank of America, N.A., individually and as successor by merger to BAC Home Loans Servicing LP ("BANA"), moves for summary judgment. Plaintiff Rozann Bergdale ("Bergdale") has filed three complaints in this action against BANA, her mortgage loan servicer, alleging misconduct in the servicing of her mortgage account. Following motion practice, Judge Snow eliminated the majority of Bergdale's allegations, and what little remains to be adjudicated does not require the time and expense of a jury trial. Bergdale asserts claims under the consumer fraud act and for breach of the covenant of good faith and fair dealing. The consumer fraud claims are barred by the statute of limitations.

And with respect to both claims, Bergdale has failed to identify any damages caused by the alleged misconduct of the bank. Accordingly, there is nothing left for the trier of fact to do, and the Court should enter summary judgment for BANA.[1]

## MEMORANDUM OF POINTS AND AUTHORITIES

**I. FACTS**

Bergdale filed this action on March 2, 2012. [Defendant Bank of America, N.A.'s Separate Statement of Facts in Support of its Motion for Summary Judgment (11/15/13) ("SOF") ¶ 1] Bergdale filed the operative complaint, her Second Amended Complaint, on October 17, 2012. [Id. ¶ 2] BANA moved to dismiss the Second Amended Complaint on November 5, 2012. [Id. ¶ 3] Judge Snow granted in part and denied in part the Motion to Dismiss on January 9, 2012. [Id. ¶ 4] Judge Snow allowed this case to proceed on only two theories:

> Two of Bergdale's claims survive. She may proceed on a theory that BAC and BANK OF AMERICA violated the CFA [Consumer Fraud Act] and breached their duty of good faith by (1) double posting her November 2009 trial modification payment and (2) offering her materially different terms in the December 2010 invoice than were required by the Final Loan Modification. The remainder of the SAC fails to state a claim as a matter of law, and the remaining Defendants are dismissed.

[Id. ¶ 5]

The theories Judge Snow allowed to survive are limited, and represent a fraction of what was alleged in the Second Amended Complaint. The claim numbered 1 by Judge Snow relates to an allegation that in November 2009, Bergdale made her monthly payment twice, was told that one of the two payments would be returned to her, but did not receive a refund of the second payment. [Id. ¶ 6] The claim numbered 2 by Judge Snow relates to an allegation that in December 2010, Bergdale received a monthly mortgage statement indicating an amount due that was not consistent with the terms of a permanent loan

---

[1] Defendants Mortgage Electronic Registration Systems, Inc. and ReconTrust Company, N.A. were dismissed by Judge Snow's order of January 9, 2012.

747220.1.1         2

modification Bergdale received effective January 1, 2011. [Id. ¶ 7] Based on these two theories, Bergdale asserts claims for breach of the duty of good faith and fair dealing, and consumer fraud.

After Judge Snow entered his order, Bergdale served her Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on December 7, 2012. [Id. ¶ 8] Subsection C of the Initial Disclosures is entitled "Information Related To Calculation Of Damages." There, Bergdale discloses "a computation of Plaintiff's damages." [Id. ¶ 9] Bergdale's disclosed damages are as follows:

  a) Reasonable attorneys' fees and costs
  b) All interest paid on the loan to date
  c) Difference in the value of the property as represented by Colonial's appointed appraiser and the true value, plus consequential damages
  d) Undisclosed yield spread premium on securitization
  e) RESPA damages-actual damages plus statutory damages of $1,000 per violation
  f) Statutory damages for each violation of FDCPA
  g) All moneys paid in and not properly applied to creditor, plus consequential and punitive damages, as proven
  h) Declaration of invalidity of security interest

[Id. ¶ 10]

Bergdale served Plaintiff's First Supplemental Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on July 11, 2013. [Id. ¶ 11] Subsection C of Plaintiff's First Supplemental Initial Disclosures is entitled "Information Related To Calculation Of Damages." There, Bergdale discloses "a computation of Plaintiff's damages." [Id. ¶ 12] A summary of the disclosed damages follows:

  a) "Reasonable attorneys' fees and costs"
  b) "Trial Modification Payments Extorted After Bergdale Complied with TPP"
  c) Reimbursement of payments made in 2011

Bryan Cave LLP
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004-4406
(602) 364-7000

d) Property inspection fees charged in 2009 and 2010 in the amount of $105.00.

e) The difference between the amount of Bergdale's trial modification monthly payment and her permanent modification monthly payment, for a period of two years

f) Statutory damages for "eight harassing and incorrect debt collection 'Notices of Intent.'"

[Id. ¶ 13]

## II. LEGAL STANDARD

Bergdale bears the burden of pointing to "specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). Summary judgment should be granted where there is "no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "Rule 56(c) mandates entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (affirming summary judgment against plaintiff who failed to produce evidence supporting wrongful death claim).

"Furthermore, the party opposing summary judgment 'may not rest upon the mere allegations or denials of [the party's] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial.'" Juarez v. CC Servs., Inc., 434 F. Supp. 2d 755, 758 (D. Ariz. 2006) (quoting Fed. R. Civ. P. 56(e)). "There is no issue for trial unless there is sufficient evidence favoring the non-moving party; if the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. (internal quotations and citation omitted).

## III. ARGUMENT

### A. The Consumer Fraud Claim Is Untimely.

Consumer fraud is a liability created by statute, with a one-year limitation period. A.R.S. § 12-541(5); Alaface v. Nat'l Investment Co., 181 Ariz. 586, 591, 892 P.2d 1375, 1380 (Ct. App. 1994) ("As a liability created by statute, a consumer fraud action must be initiated within one year after the cause of action accrues") (granting summary judgment to defendant under statute of limitations). A cause of action for fraud accrues "when 'the defrauded party discovers or with reasonable diligence could have discovered the fraud.'" Id. (quoting Mister Donut of Am., Inc. v. Harris, 150 Ariz. 321, 323, 723 P.2d 670, 672 (1986)). The plaintiff does "not have to know all of the underlying details of the misrepresentation before their cause of action accrued." Id. Rather, "[t]he cause of action accrues when 'the plaintiff knows or should have known of both the *what* and *who* elements of causation.'" Id. (quoting Lawhon v. L.B.J. Institutional Supply, Inc., 159 Ariz. 179, 183, 765 P.2d 1003, 1007 (Ct. App. 1988)).

Here, the surviving theories relate to conduct that allegedly occurred in November 2009 and December 2010. [SOF ¶¶ 6, 7] Bergdale indisputably knew the "what" and "who" of these alleged events immediately upon their occurrence. In her Second Amended Complaint, Bergdale alleges that she realized there was a so-called "double payment" and complained about it in November 2009 to Bank of America. [SOF ¶ 6] And with respect to the alleged discrepancy in the monthly payment amount, Bergdale possessed both the permanent modification agreement (which she executed) and the December 2010 statement, and thus knew or should have known about the alleged discrepancy immediately. [SOF ¶ 7] However, despite knowing or having reason to know of both potential claims, Bergdale did not file this action until March 2012. [SOF ¶ 1] Hence, the consumer fraud count Bergdale asserts based upon the surviving theories is untimely under the one-year statute of limitations.

### B. The Surviving Theories Are Not Actionable Under The Consumer Fraud Act.

"The elements of the private cause of action [under the CFA] are a false promise or misrepresentation made in connection with the sale or advertisement of merchandise and the hearer's consequent and proximate injury." Holeman v. Neils, 803 F. Supp. 237, 242 (D. Ariz. 1992). See also Kuehn v. Stanley, 208 Ariz. 124, 129, 91 P.3d 346, 351 (Ct. App. 2004) (same) (citing Correa v. Pecos Valley Dev. Corp., 126 Ariz. 601, 605, 617 P.2d 767, 771 (Ct. App. 1980)); A.R.S. § 44-1522(A).

Bergdale has no evidence that, with respect to the surviving allegations, a false statement was made in connection with the sale or advertisement of merchandise, upon which she relied. With respect to the November 2009 "double payment," Bergdale does not allege (and cannot prove) that she made the "double payment" in reliance on a false statement by the bank. Rather, she alleges that she made a "double payment" because her first payment did not post immediately to the account. [SOF ¶ 6] With respect to the December 2010 invoice, Bergdale again has no evidence of a false statement on which she relied.

Further, neither allegation involves circumstances "in connection with the sale or advertisement of merchandise." There must be a <u>sale</u> of goods or services, induced by fraud, for damages to arise under the consumer fraud act. Sullivan v. Pulte Home Corp., 231 Ariz. 53, ¶ 54, 290 P.3d 446, 454 (Ct. App. 2012) (recognizing the "requirement of a sale or transaction" between the plaintiff and defendant). See also Metro Data Sys., Inc. v. Durango Sys., Inc., 597 F. Supp. 244, 246 (D. Ariz. 1984) (concept that "plaintiff's consumer fraud claim could not stand because there was no sale by defendant to plaintiff, but only a license," was "elementary principle[] of law"); Davis v. Bank of America Corp., No. CV 12–01059–PHX–NVW, 2012 WL 3637903, at *5 (D. Ariz. Aug. 23, 2012) (dismissing consumer fraud claim because statements regarding HAMP were not made to induce the plaintiff to enter into transaction with defendant); Pena v. Opic, No. 1 CA-CV 09-0401, 2010 WL 1998152, at *7 (Ariz. Ct. App. May 18, 2010) ("the Act specifically

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

applies to the 'sale or advertisement of any merchandise,' which necessarily means that parties involved in the sale of the merchandise have in fact entered into some type of contractual relationship; otherwise, there would be no sale"); Anderson v. GEICO Indemnity Co., No. CV–09–0727–PHX–FJM, 2010 WL 3943544, at *3 (D. Ariz. Oct. 7, 2010) (plaintiff's consumer fraud claim relating to coverage under insurance policy failed because plaintiff "did not purchase the GEICO policy").

Here, Bergdale has no evidence that either the "double payment" or invoice issue arose in connection with a sale or advertisement, and they plainly did not. They simply arose in the servicing of Bergdale's loan—not an advertisement for a new loan or for the purchase of any other product. Further, Bergdale cannot prove that she purchased a product or entered into a sale or transaction with BANA as a result of the allegedly false statements. Accordingly, Bergdale cannot prove a claim under the consumer fraud act.

### C. Bergdale Has No Damages Related To The Surviving Theories.

Bergdale's two disclosure statements do not describe any damages related to the claims that survived dismissal. Her December 2012 disclosure, which does not provide any computation of damages at all, primarily describes categories of damage related to the allegation that BANA is not entitled to receive Bergdale's payments or enforce the Loan. [See SOF ¶ 10 ("All interest paid on the loan to date"; "All moneys paid in and not properly applied to creditor, plus consequential and punitive damages, as proven"; "Declaration of invalidity of security interest")] Judge Snow specifically rejected any claim that BANA "did not have the authority to foreclose on the property" in his order on the Motion to Dismiss. [Dkt. 20 at 8]

In any event, these damage theories do not relate to the two surviving claims, which have nothing to do with the validity of a security interest or monies not being properly applied to the account. Moreover, Bergdale has no evidence, and cannot prove, that she should somehow be entitled to a refund of all interest paid on her loan, that any monies were not properly credited by BANA, or that BANA's security interest is invalid.

747220.1.1　　　　　　　　　　　　　7

Bergdale also seeks damages based on alleged misconduct at the <u>origination</u> of the Loan. [<u>See</u> SOF ¶ 10 ("Difference in the value of the property as represented by Colonial's appointed appraiser and the true value, plus consequential damages"; "Undisclosed yield spread premium on securitization")] No claims related to the origination of the Loan remain in the case; the two surviving theories relate only to the servicing of the Loan, years later.

Bergdale also discloses categories of damage based on violations of federal statutes, which did not survive the Motion to Dismiss. [<u>See</u> <u>id.</u> ("RESPA damages-actual damages plus statutory damages of $1,000 per violation"; "Statutory damages for each violation of FDCPA")] There are no claims remaining in the case under RESPA or the FDCPA; the only remaining claims are for consumer fraud and breach of the duty of good faith and fair dealing.

In her July 2013 disclosure, Bergdale primarily seeks damages relating to her <u>new</u> allegations concerning the processing of her HAMP loan modification application, which are the subject of Bergdale's motion to amend the complaint, and are not even part of the operative complaint. [<u>See</u> SOF ¶ 13 ("Trial Modification Payments Extorted After Bergdale Complied with TPP"; reimbursement of payments made in 2011; Property inspection fees charged in 2009 and 2010 while Bergdale was awaiting a loan modification decision; the difference between the amount of Bergdale's trial modification monthly payment and her permanent modification monthly payment, for a period of two years)] Bergdale also re-asserts her claim for statutory damages under the Fair Debt Collection Practices act, which is not still part of the case. [<u>See</u> <u>id.</u> (statutory damages for "eight harassing and incorrect debt collection 'Notices of Intent.'")][2]

None of these categories of damage relates to the allegation that Bergdale erroneously made a "double payment" in November 2009, or the allegation that a December 2010 monthly statement did not appropriately reflect Bergdale's final, permanent loan

---

[2] Bergdale also seeks as damages her attorneys' fees and costs, but fees and costs are not elements of damage, as a matter of law.

modification. Bergdale has not disclosed how she was damaged by these two events, assuming they occurred. Damage is a prima facie element of both consumer fraud and breach of the covenant of good faith and fair dealing, the two claims remaining in the case. Nataros v. Fine Arts Gallery of Scottsdale, Inc., 126 Ariz. 44, 48, 612 P.2d 500, 504 (Ct. App. 1980) (affirming directed verdict for defendant for lack of damage); Aaron v. Fromkin, 196 Ariz. 224, 994 P.2d 1039, 1043 (Ct. App. 2000) ("damage is an element of the cause of action for consumer fraud"); Clark v. Compania Ganadera de Cananea, S.A., 95 Ariz. 90, 94, 387 P.2d 235, 238 (1963) ("It was incumbent upon appellants, in establishing a prima facie case, to prove the existence of the contract with Ranchos, the breach of the same, and the resulting damages") Because Bergdale has no evidence of damage, BANA is entitled to judgment as a matter of law.

**Relief Requested**

BANA respectfully requests that the Court enter summary judgment in its favor.

DATED this 15th day of November, 2013.

BRYAN CAVE LLP

By   /s/ Gregory B. Iannelli
Robert W. Shely
Gregory B. Iannelli
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004-4406

Attorneys for Defendants

ORIGINAL of the foregoing
electronically filed this 15th day of November, 2013.

/s/ Gregory B. Iannelli

747220.1.1

9